IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:12-cv-00311-MSK-KLM

FRED NULL and ZALE GAYLEN,

    Plaintiffs

v

NATIONAL ASSOCIATION OF CERTIFIED
HOME INSPECTORS, et. al.,

    Defendants

## JOINT MOTION AND PROTECTIVE ORDER

Each Party[1] identified below and each Counsel of Record stipulate and move the Court for the entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. At least one of the Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of

---

[1] The National Association of Certified Home Inspectors, which was converted to NACHI Management, LLC, is not a party to this Stipulation. It has not filed a responsive pleading and is not represented.

preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom and designated by one of the Parties in the manner provided in paragraph 3 below as containing: confidential information, trade secrets, trade values, financial information, concepts, ideas, and know-how, not otherwise available to the public or disclosed to third-parties without the expectation of confidentiality.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

 a. By imprinting the word "Confidential" on the first page or cover of any document produced;

 b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

 c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

 a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

 b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has

been signed by the recipient, with the exception of members and/or staff of counsel's firm, the court and its staff, and court reporters.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person or entity unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed by obtaining and retaining the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court, *pursuant to MJ Mix's discovery procedures.* KLM

8. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent

3

*but must make any such motion in accordance with MJ Mix's discovery procedures.*

KLM

with this order, ∧ The information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

9. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

10. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

11. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

12. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made

4

therefrom. In the alternative, the recipient's counsel may destroy such documents, etc., and notify opposing counsel that the destruction has been completed. Notwithstanding the foregoing, counsel may keep copies in its files, whether in written, printed, or electronic form, provided that the confidentiality of that information be maintained. Counsel shall maintain and retain the list of individuals who have received Confidential Information and affidavits pursuant to paragraph 6 herein for a period of six years.

13. Nothing in this Protective Order shall preclude any Party from making a motion pursuant to MJ Mix's discovery procedures [KLM] seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this _18th_ day of October 2012.

BY THE COURT:

_____
KRISTEN L. MIX
UNITED STATES MAGISTRATE JUDGE


**STIPULATED AND AGREED TO:**

FRED NULL and ZALE GAYLEN,
Plaintiffs:

s/ James E. Roach
James E. Roach (P51792)
VERCRUYSSE MURRAY & CALZONE, P.C.
31780 Telegraph Road, Suite 200
Bingham Farms, MI 48025
Telephone: (248) 540-8019
Fax: (248) 540-8059
Email: jroach@vmclaw.com

5

and

INTERNATIONAL ASSOCIATION OF
CERTIFIED HOME INSPECTORS, a
Colorado nonprofit corporation,
NICKIFOR GROMICKO, and
REPORTS, INC., a Delaware corporation,
Defendants

s/ Mark Cohen
The Cohen Law Group
A Professional Corporation
PO Box 617
110 Snyder Street, 2nd Floor
Nederland, CO 80466
(303) 258-0561
Email: mark@cohenslaw.com